UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO RAMIREZ-BALDENEBRO,<br><br>Petitioner,<br><br>v.<br><br>LINDA SANDERS, Warden,<br><br>Respondent. | NO. CV 12-292-VBF (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On January 11, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears the court lacks jurisdiction to entertain the petition.

The court, therefore, orders Petitioner to show cause, on or before **February 21, 2012**, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner is incarcerated at the Federal Correctional Institution in Lompoc, California.

On April 7, 2009, a United States District Court, District of Oregon judge, in a stipulated facts trial, convicted Petitioner of conspiracy to possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute one kilogram or more of heroin (7,248 grams). *See United States v. Ramirez-Baldenebro*, Case No. 07-CR-60031-HO (D. Oreg.) ("*Ramirez-Baldenebro I*"),[1] Dkt. Nos. 79, 91.  On July 1, 2009, Petitioner was sentenced to 160 months in prison and 5 years of supervised release.  *Id.*, Dkt. No. 91.  On March 8, 2011, the Ninth Circuit affirmed the conviction.  *United States v. Ramirez-Baldenebro*, 419 Fed. Appx. 752 (9th Cir. 201).

On June 1, 2010, Petitioner filed a motion to vacate or correct the sentence pursuant to 28 U.S.C. § 2255.  *Ramirez-Baldenebro I*, Dkt. No. 101.  On November 15, 2010, the court denied the motion "without prejudice to refile the motion after the direct appeal is completed."  *Id.*, Dkt. No. 107.  On May 31, 2011, Petitioner filed another motion to vacate or correct the sentence pursuant to § 2255, which was denied on August 22, 2011.  *Id.*, Dkt. Nos. 114, 124.  On December 13, 2011, the court denied Petitioner's Rule 60(b) motion:  "The motion is nothing more than a successive section 2255 petition."  *Id.*, Dkt. No. 132 at 2.

On January 11, 2012, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in this court.

## II.
## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam).  A § 2255 motion must be filed in the sentencing court.  28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to

---

[1] *See Headwaters Inc. v. United States Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

2

vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54

(9th Cir. 2000); see also *Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Although Petitioner includes a section on actual innocence, he does not claim he is innocent or provide any evidence, old or new in support of a claim of actual innocence. (Petition at 5-7.)

With respect to the procedural prong of the savings clause, Petitioner states: "In this Honorable Court's inquiry about whether the restrictions on second or successive motions render Petitioner's claims inadequate or ineffective, it asserted Petitioner did not state has not made a showing of an unobstructed shot at presenting his claims." (Petition at 7.) This court does not

4

know what court or inquiry Petitioner refers to, but, in any event, Petitioner does not argue he did not have an unobstructed procedural shot at presenting his claim of innocence. Nor does the record support such an argument.

### III.
### **ORDER**

IT IS THEREFORE ORDERED that, on or before ***February 21, 2012***, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction. Petitioner's response must address both prongs of the savings clause.

**If Petitioner fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: January 18, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5